IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALONZO BROWN,

        Plaintiff,                        No. CIV S-05-2598 MCE  CMK P

    vs.

B. YOUNG, et al.,

        Defendants.               <u>FINDINGS & RECOMMENDATIONS</u>

        Plaintiff is a prisoner proceeding pro se with a civil rights action under 42 U.S.C. §1983.  This proceeding was referred to this court by Local Rule 72-302 by the authority of 28 U.S.C. § 636(b)(1).[1]

        Plaintiff's complaint challenges the fact or duration of his confinement rather than the conditions of his confinement. Plaintiff's complaint states that defendant B. Young "actuated [plaintiff's] parole date when [he] was never paroled and was still in CDC custody. [Plaintiff's]

---

[1] On January 13, 2006, pursuant to an order from this court, plaintiff filed an affidavit requesting authority to proceed in forma pauperis under 28 U.S.C. § 1915.  Plaintiff did not fill out the Eastern District's in forma pauperis form.  Instead, he filled out an AO form.  Further, plaintiff did not file a certified statement of his prison trust account statement for the six month period immediately proceeding the filing of the complaint. 28 U.S.C. § 1915(a)(2). However, given the other deficiencies in plaintiff's complaint, the undersigned does not address the problems with plaintiff's request to proceed in forma pauperis.

1 parole date was never calculated right in the first place..." Because plaintiff is challenging the
2 duration of his confinement and is not seeing declaratory or injunctive relief regarding conditions
3 of confinement see Wilkinson v. Dotson, 544 U.S. 74 (2005)$^2$, this action does not lie in 42
4 U.S.C. § 1942.  See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991)(habeas petition is proper
5 method to challenge legality or duration of confinement, but civil rights action is proper method
6 of challenging conditions of confinement).   Accordingly, it is appropriate to dismiss this action
7 without issuing an order to show cause.  See 28 U.S.C. § 2243; Harris v. Nelson, 394 U.S. 286,
8 298-99 (1969).

9      IT IS RECOMMENDED that plaintiff's civil rights action be dismissed.

10     These findings and recommendations are submitted to the United States District
11 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days
12 after being served with these findings and recommendations, plaintiff may file written objections
13 with the court.  The document should be captioned "Objections to Magistrate Judge's Findings
14 and Recommendations."  Plaintiff is advised that failure to file objections within the specified
15 time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153
16 (9th Cir. 1991).

18 DATED:  February 23, 2006.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

25    $^2$Wilkinson stated that prisoners could challenge the constitutionality of state parole
   procedures in a § 1983 action seeking declaratory and injunctive relief and were not required to
26 instead seek relief exclusively under federal habeas statutes.